IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Securatex, Ltd., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 04 C 970 |
| | ) |
| Statewide Security Group, *et al.*, | ) Wayne R. Andersen |
| | ) District Judge |
| Defendants. | ) |

**MEMORANDUM, OPINION AND ORDER**

This case is before the Court on the motion of Defendant Vida Falatoon for relief from judgment pursuant to Fed.R.Civ.P. 60(b). For the following reasons, the motion is denied.

Plaintiff Securatex, Ltd. filed this action against Defendants Statewide Security Group, Frank Falatoon and Vida Falatoon for breach of contract and other state law claims in connection with an agreement to supply security guards to Foot Locker stores. Vida Falatoon filed a motion to dismiss for lack of personal jurisdiction, which was denied by the Court. She then filed a motion for reconsideration, which was denied on January 13, 2005. Ms. Falatoon did not file an answer or any responsive pleading after the Court denied her motion for reconsideration. Defendants failed to appear at a March 22, 2005 status hearing before Magistrate Judge Nolan. Ms. Falatoon then failed to appear for her deposition on May 16, 2005, after apparently receiving notice of such deposition. On June 1, 2005, a default judgment was entered against all defendants in the amount of $ 206,218.66. On March 16, 2006, Vida Falatoon filed this motion for relief from the judgment pursuant to Fed.R.Civ.P. 60(b).

Rule 60(b) allows a district court to relieve a party from a judgment on the grounds of

mistake, inadvertence, excusable neglect, newly discovered evidence, fraud, or "any other reason justifying relief from the operation of the judgment." Relief under Rule 60(b) is an extraordinary remedy granted only in exceptional circumstances. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006). In order to succeed on a Rule 60(b) motion, the movant is required to show that one of the exceptional circumstances specified by the rule applies and that a meritorious defense exists. *Railroad Maintenance Laborers v. American Railroad Construction Co.*, 96 F.R.D. 433, 435 (7th Cir. 1985).

In this case, Vida Falatoon seeks relief from judgment under Rule 60(b)(1), due to mistake, inadvertence, surprise or excusable neglect. Ms. Falatoon argues that her failure to file an answer and failure to appear for her deposition are due to excusable neglect because she believed that her brother, Frank Falatoon, had taken care of all things relating to the lawsuit for her. She also argues that her actions constitute excusable neglect because she was not made aware of the judgment until January 2006, when she learned that a writ of execution had issued to collect money from her bank account.

We find Ms. Falatoon's arguments unpersuasive. Litigants have a duty of diligence to inquire about the status of a case. *See, e.g., Easley v. Kirmsee*, 382 F.3d 693, 696 (7th Cir. 2004). A litigant's inattentitiveness to litigation is not excusable. The Court's orders were clear and unambiguous, and they were simply ignored by Ms. Falatoon. Ms. Falatoon gives no explanation as to why she did not file an answer or appear for her deposition, other than the fact that she was relying on her brother. The default judgment was entered due to her inaction. The fact that she may have been relying on her brother to handle the matter does not constitute mistake, inadvertence, surprise or excusable neglect.

Moreover, the prejudice which would inure to Plaintiff if relief from the judgment is

granted is substantial. Although Ms. Falatoon claims to have a meritorious defense to the case, we cannot determine with certainty whether that is true. Plaintiff has diligently pursued the case against defendants and has incurred substantial time and expense in attempting to collect on the judgment. Ms. Falatoon's lack of diligence in defending the action has delayed Plaintiff's efforts.

Finally, Ms. Falatoon did not take quick action to correct the default. Taking her allegations as true, Ms. Falatoon discovered the existence of the judgment in January, 2006, and this motion for relief from judgment was not filed until March 16, 2006, two months later.

For the foregoing reasons, we deny the motion of defendant Vida Falatoon for relief from judgment pursuant to Fed.R.Civ.P. 60(b).

It is so ordered.

　　　　　　　　　　　　　　　　　　　　　　　Wayne R. Andersen
　　　　　　　　　　　　　　　　　　　　　　　United States District Court

Dated: April 21, 2006